UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

| | |
|---|---|
| BRIDGE FUND CAPITAL CORPORATION, et al., | No. 2:08-cv-00767-MCE-EFB |
| Plaintiffs, | |
| v. | MEMORANDUM AND ORDER |
| FASTBUCK FRANCHISE CORPORATION, et al., | |
| Defendants. | |

Presently before the Court is Defendants' Motion for Stay of Action Pending Resolution of Ninth Circuit Appeal. For the following reasons, Defendants' Motion is granted.[1]

**BACKGROUND**

In 2006, each Plaintiff executed separate franchise agreements with Defendant FastBuck Franchise Corporation for the operation of payday loan and check cashing franchises within California.

---

[1] Because oral argument will not be of material assistance, the Court ordered this matter submitted on the briefing. E.D. Cal. Local Rule 78-230(h).

1

Plaintiff Bridge Fund operated its franchise in Montclair, California, and Plaintiff Big Bad operated its franchise in Stockton, California. FastBuck is a Nevada Corporation with its principal place of business in Texas. Defendant Horton was, at all relevant times herein, the Chief Executive Officer of FastBuck and a member of its Board of Directors.

Plaintiffs assert that FastBuck has been offering payday lending franchises via franchise agreements, a written Uniform Franchise Offering Circular ("UFOC"), a website, and other materials, since at least 2003. Further, Plaintiffs allege that Horton was and is actively involved in the marketing of FastBuck franchises to Plaintiffs and others. FastBuck's franchise marketing allegedly included representations of a unique system with substantial forms and training, a manual for the business system, and forms and collections materials for loans which were proper for use in California.

Plaintiffs' respective franchise agreements with FastBuck each contained an arbitration provision requiring all disputes arising between the parties to be resolved through arbitration primarily under the rules of the American Arbitration Association ("AAA"). These franchise agreements also contained choice of law and choice of forum provisions requiring that any action to resolve a dispute take place in Texas in accordance with Texas law.

Plaintiffs received UFOCs from FastBuck in conjunction with the franchise agreements. These UFOCs contained an addendum pertaining to the enforcement of the franchise agreements under California law ("California Appendix").

Plaintiffs claim that the California Appendix modifies the franchise agreements so that they are in compliance with California law, and this compliance requires Plaintiffs' disputes with Defendants to be resolved in California in accordance with California law. Further, Plaintiffs claim that the arbitration provisions included in the franchise agreements are unenforceable as they are both procedurally and substantively unconscionable under California law.

On February 28, 2008, Plaintiffs filed their Complaint in state court alleging breach of written franchise contracts, fraud and deceit, negligent misrepresentation, violation of the California Franchise Investment Law ("CFIL"), and unfair trade practices under the California Business and Professions Code § 17200. Plaintiffs seek damages, declaratory relief, and injunctive relief including the rescission of the franchise agreements. Plaintiffs allege Defendants made material misrepresentations and omissions regarding Defendants' franchises. Specifically, Plaintiffs allege that FastBuck has no proven franchise system, no business manual, and provided little training and forms improper for use in California. Plaintiffs allege they learned of the franchise system's non-compliance with California law only after an inspection by the State of California.

///
///
///
///
///

3

On April 9, 2008, Defendants successfully removed the action to this Court under diversity jurisdiction. On May 30, 2008, Defendants filed a Motion to Dismiss under Rules 12(b)(1) and 12(b)(6), or alternatively, to Stay the Action pending Arbitration pursuant to the Federal Arbitration Act, 9 U.S.C. § 3 ("FAA"). According to Defendants, that arbitration, in Texas, under Texas law, was the required dispute resolution forum for Plaintiffs' claims, pursuant to their respective franchise agreements with FastBuck.

In addressing that motion, this Court applied California choice of law rules and stated that California courts strongly favor the enforcement of choice of law provisions. The Court determined that application of the law of the chosen state (Texas) would be contrary to a fundamental policy of a state that has a materially greater interest in the determination of the issue (California). The Court also concluded that the arbitration clause was unconscionable and, therefore, unenforceable. Accordingly, the Court denied Defendants' motion.

Defendants subsequently appealed and the parties stipulated to stay proceedings in this Court pending participation in the Ninth Circuit mediation program. Mediation was unsuccessful and the stipulated stay since expired. Defendants now move to stay proceedings in this Court pending the outcome of the Ninth Circuit's decision on appeal. For the following reasons, Defendants' Motion is granted.

///
///
///

4

**ANALYSIS**

"The Federal Arbitration Act ("FAA") reflects a strong federal policy favoring arbitration. To further this federal policy, section 16 of the FAA 'endeavors to promote appeals from orders barring arbitration and limit appeals from orders directing arbitration.' Accordingly, under the FAA, a party may immediately appeal a court order denying a motion to compel arbitration. This ensures that the issue of whether a dispute is to be resolved through arbitration is decided before excess time, money, and judicial resources are spent in litigation." Eberle v. Smith, 2008 WL 238450, *2 (S.D. Cal. 2008) (internal citations omitted).

"The system created by the FAA allows the district court to stay the proceedings pending an appeal from its refusal to compel arbitration if the court finds that the motion presents a substantial question for the court of appeal to consider. Courts generally consider four factors when determining whether to grant a stay pending the appeal of a civil order: first, whether the applicant has made a strong showing that he is likely to succeed on the merits; second, whether the moving party will be irreparably injured absent a stay; third, whether a stay will substantially injure the opposing party; and fourth, whether the public interest favors a stay. The decision to stay proceedings is a proper subject for the exercise of discretion by the trial court." Id. (internal citations and quotations omitted).
///
///

"To satisfy the first...factor, a movant need not show a probability of success on appeal. Instead, a substantial case on the merits exists if there is a serious legal question to be answered by the court of appeal and the 'balance of equities' of the final three factors strongly weigh in favor of granting a stay." Id. (internal citations omitted).

Defendant argues that four substantial issues are raised by way of its instant appeal. Specifically, Defendants contend that: 1) this Court's refusal to dismiss on the grounds that the claims are subject to arbitration is irreconcilable with the FAA; 2) because the crux of Plaintiffs' complaint challenges the enforceability of the contract as a whole, not the arbitration provision, the issue of arbitrability must be referred to the arbitrator; 3) this Court's refusal to enforce the franchise agreements' choice of law provision is contrary to California's choice of law rules; and 4) even if California law is applied and certain aspects of the arbitration provision are found to be unconscionable, the proper remedy under the FAA is to sever the offending portions of the arbitration clause and stay the action pending arbitration. These questions are quite substantial and required this Court to reach conclusions with which the Ninth Circuit could disagree. Accordingly, Defendants have shown that substantial issues are raised via their appeal such that the first factor of the above test favors a stay in this instance.

Additionally, "[i]f a party must undergo the expense and delay of trial before being able to appeal a refusal to compel arbitration, the advantages of arbitration-speed and economy-are lost forever.

Although monetary expenses incurred in litigation are normally not considered irreparable, it is a unique situation when these expenses are incurred pending an appeal of an order refusing to compel arbitration. Thus, when appealing the denial of a motion to compel arbitration, courts have considered ongoing litigation expenses as irreparable injury." Id. at *3 (internal citations omitted). As in Eberle, "[i]f this litigation proceeds, Defendants will be forced to incur costs that would defeat the important, cost-limiting purpose of arbitration agreements." Id. Thus, this Court finds the second factor also favors staying the instant proceedings.

Moreover, while Plaintiffs argue they will be harmed if they are not permitted to recover losses alleged to have been caused by Defendants, since the relationship between the parties has ended, "neither party will continue to be harmed by the other during the pendency of the stay." Id. Furthermore, "[w]hen a defendant appeals an order refusing to compel arbitration, the general disadvantage to plaintiff caused by delay of proceedings is usually outweighed by the potential injury to defendant from proceeding in district court during pendency of appeal. However, a plaintiff may be able to show prejudice by citing particular witnesses or documents that may be adversely affected by a stay." Id. (internal citations omitted). Plaintiffs did not do so here, and instead generally alleged that they will suffer from a loss of evidence. Accordingly, this factor also weighs in favor of a stay.

///

///

7

Finally, "[i]t is clear that disputes about whether or not parties must submit to arbitration take place against a backdrop of policies encouraging arbitration and the preservation and integrity of judicial resources. Here, continuing to litigate in this Court during the pendency of the appeal would undermine both policies because of the risk of redundant or inconsistent actions." Id. Thus, this final factor favors a stay as well.

**CONCLUSION**

Having reviewed the above factors in light of the circumstances of this case, the Court now finds issuance of a stay is appropriate. Accordingly, Defendants' Motion for Stay of Action Pending Resolution of Ninth Circuit Appeal is GRANTED. This action is hereby stayed until the Ninth Circuit issues its mandate as to Defendants' appeal.

IT IS SO ORDERED.

Dated: May 11, 2009

_____
MORRISON C. ENGLAND, JR.
UNITED STATES DISTRICT JUDGE